IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANGEL THOMAS, et al., )
 )
            Plaintiff, )
 )
    v. ) No.  05 C 4117
 )
OFFICER DARNELL KEEL, et al., )
 )
            Defendants. )

## MEMORANDUM ORDER

City of Harvey ("City") Police Officer Darnell Keel ("Keel"), a codefendant in this 42 U.S.C. §1983 ("Section 1983") action brought by Angel and Jacqueline Thomas ("Thomases") against him, another of the City's police officers and the City itself, has filed his Answer and Additional Defenses to Thomases' Amended Complaint ("AC").  This memorandum order is issued sua sponte to address some flaws in that responsive pleading.

First, whenever Keel's counsel sets out a properly-stated disclaimer pursuant to the second sentence of Fed. R. Civ. P. ("Rule") 8(b) to get the benefit of a deemed denial (see Answer ¶¶7, 14, 18, 25 and 28-31), that proper disclaimer concludes inappropriately with the phrase "and therefore denies them."  That is of course oxymoronic--how can a party that asserts (presumably in good faith) that he lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in the same objective good faith that is required by Rule 11(b)?  Accordingly the quoted phrase is stricken wherever it

appears in the Answer.

As for Keel's additional defenses, which he properly characterizes as primarily affirmative defenses ("ADs"), several are also problematic. Without this Court making any attempt to be exhaustive (something that will be left to Thomases' counsel), here are some difficulties they present:

1. AD 1, which is the essential equivalent of a Rule 12(b)(6) motion, is plainly wrong. It is stricken.

2. AD 2 asserts a qualified immunity defense. Although no effort is made here to opine on the ultimate viability of such a defense, in any event Keel's statement is plainly wrong in advancing as one of its components that he "had no knowledge that said acts and/or conduct was illegal, and, as such, was unconstitutional." That portion of AD 2 is also stricken.

3. AD 3 asserts that Keel had probable cause to arrest Thomases. That assertion violates the basic principle embodied in Rule 8(c) and the caselaw construing and applying it (in that respect, see App. ¶5 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 279 (N.D. Ill. 2001)), for it directly contradicts AC ¶34--an allegation that must be accepted as true for AD purposes. Accordingly AD 3 is stricken as well.

4. AD 5 asserts Keel's entitlement to qualified

immunity because he contends he acted in good faith.  Again that is not a proper defense, because subjective good faith does not insulate a party against Section 1983 liability. AD 5 is stricken too.

    5.  AD 6 refers to "public officials' immunity," a concept that is clearly at odds with Section 1983, which expressly targets public officials.  It is also stricken.

    6.  AD 7 attempts to invoke tort immunity under a state statute.  Because this action sounds in Section 1983--that is, federal--terms, that also will not fly.  AD 7 is stricken as well.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:  February 7, 2007